IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

BRAD JONES,

               Petitioner,

vs.                                   **Case No. 10-3034-RDR**

SAM CLINE, Warden,
Hutchinson Correctional
Facility; and
STEPHEN SIX, Kansas
Attorney General,

               Respondents.

## MEMORANDUM AND ORDER

This case is before the court upon petitioner's request for relief pursuant to 28 U.S.C. § 2254. Petitioner pleaded guilty in Johnson County District Court to two felony counts of robbery, one felony count of theft and one felony count of fleeing and eluding. He went to trial upon a felony murder charge and was convicted by a jury. He was sentenced to a life term plus a consecutive 176 months. His convictions were affirmed on direct appeal in 2008. State v. Jones, 198 P.3d 756 (Kan. 2008). The court has read the trial transcript and the other materials in the record. After careful consideration, the court shall deny the petition for relief.

I. FACTUAL BACKGROUND

This matter arises from a purse snatching incident. Petitioner stole a woman's purse in a parking lot. She yelled for

help.  A man named Jonathan U chased petitioner to petitioner's car.  He reached in the car from the driver's side door which was open.  He struggled with petitioner as petitioner drove the car away with the door still open.  At some point, U was half in and half out of the car.  Petitioner crashed his car into a brick wall. U was pinned between the open car door and the frame of the car. U suffered severe injuries and was taken to a hospital where he died 18 days later.

Petitioner argued at trial that U's death was caused by medical malpractice and he sought unsuccessfully to present evidence that U's widow had consulted with legal counsel about the quality of U's medical treatment.

II.  PETITIONER'S ARGUMENTS

Petitioner makes three arguments in his § 2254 petition. First, petitioner contends that the state district court denied him due process by refusing to permit evidence that U's wife consulted an attorney about U's medical treatment.  Second, petitioner contends that he was denied due process when the state district court refused to grant a new trial on the basis of newly discovered evidence that U's widow brought a lawsuit alleging medical malpractice.  Third, petitioner argues that he was denied due process by the trial court's refusal to give a lesser included offense instruction on aggravated battery.

III.  HABEAS STANDARDS

If petitioner is bringing a claim which was decided on the merits by the state court, then this court may not grant a writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or, "was based on an unreasonable determination of the facts in light of the evidence presented at trial." 28 U.S.C. § 2254(d)(1)&(2). State court factual findings are presumed correct, absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).

The Supreme Court has stated that a state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in our cases" or if the state court "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

"If constitutional error is committed, we look to whether 'the prejudicial impact of constitutional error in [the] state-court criminal trial' rises to the 'substantial and injurious effect

standard . . .'"  Welch v. Workman, ___ F.3d ___, 2011 WL 547279 at *6 (10th Cir. 2/16/2011)(quoting Fry v. Pliler, 551 U.S. 112, 120-22 (2007)).  "[A] 'substantial and injurious effect' exists when the court finds itself in 'grave doubt' about the effect of the error on the jury's verdict."  Id. (quoting O'Neal v. McAninch, 513 U.S. 432, 435 (1995)).  "'[W]hen a court is "in virtual equipoise as to the harmlessness of the error" . . . the court should "treat the error . . . as if it affected the verdict . . . ."'"  Id. (quoting Fry, 551 U.S. at 121 n.3)(quoting O'Neal, 513 U.S. at 435).

This court may not issue a writ of habeas corpus "simply because we conclude in our independent judgment that the state court applied the law erroneously or incorrectly."  McLuckie v. Abbott, 337 F.3d 1193, 1197 (10th Cir. 2003) cert. denied, 541 U.S. 1074 (2004).  We must be convinced that the state court's decision was objectively unreasonable.  Id.  "This standard does not require our abject deference, . . . but nonetheless prohibits us from substituting our own judgment for that of the state court."  Snow v. Sirmons, 474 F.3d 693, 696 (10th Cir. 2007) (interior quotations and citations omitted).  Furthermore, "[w]e 'may not consider issues raised in a habeas petition that have been defaulted in state court on an independent and adequate procedural ground unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'"  Welch, at *6 (quoting House v. Hatch, 527 F.3d 1010, 1035 (10th Cir. 2008)).

4

IV. ARGUMENTS AND ANALYSIS

    A. <u>Refusal to admit evidence</u>

Petitioner contends that his constitutional right to a fair trial was denied by the refusal of the trial court to permit testimony that U's wife contacted a civil attorney regarding issues relating to medical negligence or malpractice affecting U's care. Petitioner raised this issue on direct appeal to the Kansas Supreme Court which rejected petitioner's position and stated:

> [R]egardless of whether a privilege existed to prevent disclosure of either the fact of [the] contact with a lawyer or of the content of her discussion with that lawyer, exclusion of any responses [she] would have given to questions from defense counsel on this issue, however the questions or responses had been phrased, was inconsequential. [Petitioner's] jury heard a great deal of testimony about U's injuries, about the multiple complications that arose from them, and about the dispute among medical experts regarding the causal chain leading to U's death. By comparison, the information [petitioner] hoped to add from [her] testimony would have been minimally probative on the medicine or the causation involved in this case. When a district judge allows a criminal defendant to present evidence supporting his or her theory of defense such that the jury could reach a conclusion on its validity, exclusion of other evidence is not necessarily error. . . . Here, the district judge's evidentiary ruling against [petitioner], even if it could be characterized as legal error, a question we do not decide, was harmless well beyond a reasonable doubt.

<u>Jones</u>, 198 P.3d at 761.

We concur with these comments. The jury in petitioner's trial heard testimony from four doctors regarding the cause of U's death. This testimony is accurately summarized in the Kansas Supreme Court's decision. 198 P.3d at 758-60. Petitioner asserted at his

5

trial that the proximate cause of U's death was the negligent failure of U's doctors to diagnose and treat pseudomembranous colitis, a condition which caused the perforation of U's bowel and a massive infection (peritonitis) of the abdominal cavity. Petitioner had a full opportunity to make his point through expert testimony. Petitioner's argument would not have been meaningfully supplemented by the proposed testimony from U's widow.

"On habeas review, we will not disturb the state court's evidentiary rulings unless [it is demonstrated] that the court's error was 'so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process.'" Fox v. Ward, 200 F.3d 1286, 1296 (10th Cir.) cert. denied, 531 U.S. 938 (2000) (quoting, Williamson v. Ward, 110 F.3d 1508, 1522 (10th Cir. 1997)). There was no denial of fundamental fairness on this question. We further conclude that the Kansas Supreme Court reasonably applied the federal law to find beyond a reasonable doubt that the prohibited testimony from U's widow to the effect that she consulted with an attorney regarding U's medical treatment would have had no substantial and injurious impact upon a jury's evaluation of the question of medical negligence and its relation to the cause of death.

B. Newly discovered evidence

Petitioner contends that his right to due process was denied when the "trial court" denied petitioner's request for a new trial

on the grounds of newly discovered evidence. Doc. No. 2 at p. 12. The "newly discovered evidence" described by petitioner is a civil suit filed by U's widow asking for damages because of alleged medical negligence in the care and treatment of her husband. The Kansas Supreme Court denied this claim on the grounds that it was raised for the first time on appeal and that petitioner did not ask for a new trial on this grounds before the trial court. 198 P.3d at 761.

"A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000). See also, O'Sullivan v. Boerckel, 526 U.S. 838, 842-45 (1999) (when prisoner alleges state conviction violates federal law, state court must have a full and fair opportunity to review claim prior to prisoner seeking federal relief). The exhaustion of state remedies requires properly presenting the claims in the highest court on direct appeal or in a post-conviction attack. O'Sullivan, 526 U.S. at 848; Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). Issues are not addressed in a federal habeas proceeding if they have been "defaulted in state court on an independent and adequate state procedural ground, unless cause and prejudice or a fundamental miscarriage of justice is shown." Maes v. Thomas, 46 F.3d 979, 985 (10th Cir.) cert. denied, 514 U.S. 1115 (1995).

Our review of the record indicates that petitioner did not raise this argument for new trial before the trial court. Petitioner filed a motion for new trial, but it did not raise the issue of newly discovered evidence. Petitioner has not demonstrated "cause and prejudice or a fundamental miscarriage of justice" which might excuse his procedural default. "The fundamental miscarriage of justice exception is implicated only 'where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Lepiscopo v. Tansy, 38 F.3d 1128, 1131 (10th Cir. 1994) cert. denied, 514 U.S. 1025 (1995) (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)). Petitioner has not referred the court to evidence or omissions in the record which persuade the court of a probability that he was actually innocent. Indeed, upon reviewing the trial record, we believe there is adequate evidence from the expert medical testimony to support the underlying conviction in this matter.

C. Lesser included offense instruction

Petitioner's final claim for relief is that his right to due process was denied when the trial court rejected petitioner's request for a lesser-included offense instruction on aggravated battery. The Tenth Circuit does not recognize this claim as grounds for habeas relief. As noted by respondent, the Tenth Circuit has stated that "[o]ur precedents establish a rule of 'automatic non-reviewability' for claims based on a state court's

failure, in a non-capital case, to give a lesser included offense instruction." Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004); see also Lujan v. Tansy, 2 F.3d 1031, 1036 (10th Cir. 1993) cert. denied, 510 U.S. 1120 (1994) ("a petitioner in a non-capital case is not entitled to habeas relief for the failure to give a lesser-included offense instruction"); Mannie v. McKune, 2006 WL 1751736 *3 (D.Kan. 6/21/2006) (applying this holding to the failure to give an aggravated battery instruction). Therefore, the court shall reject petitioner's final argument for relief.

V. CONCLUSION

For the reasons explained above, petitioner's request for habeas relief under § 2254 is hereby denied.

**IT IS SO ORDERED.**

Dated this 20th day of May, 2011 at Topeka, Kansas.

> s/Richard D. Rogers
> United States District Judge